# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**SHAYLA JEFFERSON-JAMES**       **CRIMINAL NO. 6:24-CV-00508**

**VERSUS**       **JUDGE DAVID C. JOSEPH**

**TOYOTA MOTOR CREDIT CORP**       **MAGISTRATE JUDGE DAVID J. AYO**
**D/B/A LEXUS FINANCIAL**
**SERVICES**

## ORDER

Before the Court is a MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY ALL PROCEEDINGS [Doc. 16] (the "Motion") filed by Toyota Motor Credit Corp d/b/a Lexus Financial Services ("Defendant"). The Court granted Shayla Jefferson-James ("Plaintiff") time to respond to the Motion. Plaintiff failed to timely file any response or opposition.

This suit arises out of Plaintiff's allegation that Defendant improperly reported data concerning a Closed-End Motor Vehicle Lease Agreement ("Vehicle Lease") in violation of the Fair Credit Reporting Act. [*See* Doc. 1]. The Vehicle Lease was executed between Plaintiff and Price Leblanc, Inc., which was subsequently assigned to Defendant. [Doc. 16-2, p. 3]. The Vehicle Lease contained an express Arbitration Provision, which mandated that "any claims arising from or relating to this Lease … are subject to arbitration." [Doc. 16-3, p. 9]. The Arbitration Provision further provided that any claims would be governed by "applicable substantive law consistent with the [Federal Arbitration Act]." [*Id.*]

For the reasons stated below, the Motion is GRANTED.

Both Louisiana law, La. R.S. 9:4201[1] et seq., and federal law, through the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq.[2] ("FAA"), explicitly favor the enforcement of arbitration provisions in written contracts. *Traders' Mart, Inc. v. AOS, Inc.*, 52,592 (La. App. 2 Cir. 4/10/19), 268 So. 3d 420, *writ denied sub nom. Trader's Mart, Inc. v. AOS, Inc.*, 2019-00694 (La. 10/21/19), 280 So. 3d 1165; *see also Univ. of Louisiana Monroe Facilities, Inc. v. JPI Apartment Dev., L.P.*, 49,148 (La. App. 2 Cir. 10/8/14), 151 So.3d 126, *writ denied*, 2014-2344 (La. 2/6/15), 158 So.3d 818, *and writ denied*, 2014-2366 (La. 2/6/15), 158 So.3d 820; *Browne v. Gordon McKernan Inj. Att'ys, LLC*, 2022-0840 (La. App. 1 Cir. 1/11/23), 361 So. 3d 34, 37, *writ not considered*, 2023-00218 (La. 4/12/23), 359 So. 3d 34 ("There is a strong presumption favoring the enforceability of arbitration clauses, both under Louisiana and federal law."); *Aguillard v. Auction Management Corp.*, 2004-2804 (La. 6/29/05), 908 So.2d 1, 25 (noting that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.).

---

[1] La. R.S. 9:4201 provides,

> A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

[2] 9 U.S.C. § 2 provides,

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4.

In determining whether there is a valid agreement to arbitrate, the Court must apply ordinary state-law contract principles. *Will-Drill Res. Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003); *see also Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013) ("Because arbitration is simply a matter of contract between the parties, the strong federal policy favoring arbitration does not apply to the initial determination of whether there is a valid agreement to arbitrate." (citation and internal quotation marks omitted)).   Under Louisiana law, a valid contract requires capacity, consent, a lawful cause, and a valid object. *Granger v. Christus Health Cent. Louisiana*, 2012-1892 (La. 6/28/13), 144 So. 3d 736, 760–61; *See* LSA–C.C. arts.1918, 1927, 1966, 1971; *see also La Bo J Partnership v. Louisiana Lottery Corporation*, 2008–1279 (La. App. 1 Cir. 1/30/09), 6 So.3d 191, 194, *writ denied*, 2009–0441 (La.4/13/09), 5 So.3d 168.

Importantly, Louisiana law is clear that a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that she did not read or understand it. *Aguillard v. Auction Mgmt. Corp.*, 2004-2804 (La. 6/29/05), 908 So. 2d 1, 17; s*ee e.g., Tweedel v. Brasseaux*, 433 So.2d 133, 137 (La.1983) ("The presumption is that parties are aware of the contents of writings to which they have affixed their signatures ...).  Here, Plaintiff both checked the "opt-in" box, agreeing to be bound by the Arbitration Provision, and affixed her signature immediately below.  [Doc. 16-3, p. 10].  Having reviewed the Vehicle Lease and the Arbitration Provision therein, the Court finds that there is a valid and enforceable contract and arbitration agreement between the parties.

Defendant also asks the Court to stay all proceedings pending the conclusion of arbitration.  Section 3 of the FAA provides that, when claims are properly referable to arbitration, the Court "shall[,] on application of one of the parties[,] stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3; *see also* La. R.S. 9:4202.  Thus, such a stay is mandatory under Section 3 of the FAA.  Additionally, the Court notes that at its option, it may dismiss the case in favor of arbitration on the condition that all claims and issues raised are subject to arbitration because in that case, "retaining jurisdiction and staying the action [would] serve no purpose."  *Hughes v. Uber Techs., Inc.*, No. CV 23-1775, 2024 WL 707686, at *7 (E.D. La. Feb. 21, 2024), quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), abrogated by *Smith v. Spizzirri*, 601 U.S. 472, 144 S. Ct. 1173 (2024).

Dismissal is therefore discretionary when all pending claims are subject to binding arbitration. *See Apache Bohai Corp. LDC v. Texaco China, B.V.*, 330 F.3d 307, 311 n.9 (5th Cir. 2003); *see also Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 676 (5th Cir. 1999) ("[D]istrict courts have discretion to dismiss cases in favor of arbitration."); *Gilbert v. Donahoe*, 751 F.3d 303, 306-07 (5th Cir. 2014) (recognizing that "a district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration").  Here, the Court finds that all issues and claims raised by Plaintiff are subject to arbitration as they all arise from the Vehicle Lease

agreement and thus fall within the scope of the Arbitration Provision.[3]  Therefore, the claims must be submitted to arbitration, and there is no reason for this Court to retain jurisdiction.  *Hughes v. Uber Techs., Inc.*, No. CV 23-1775, 2024 WL 707686, at *7 (E.D. La. Feb. 21, 2024), quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), abrogated by *Smith v. Spizzirri*, 601 U.S. 472, 144 S. Ct. 1173 (2024).

Accordingly, after review of the Motion, the accompanying Memorandum, and the applicable law,

IT IS HEREBY ORDERED that Defendant's Motion [Doc. 16] is GRANTED and Plaintiffs claims against Defendant Toyota Motor Credit Corp are referred to binding arbitration with the American Arbitration Association in accordance with the terms of the Vehicle Lease agreement.

IT IS FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 1st day of August 2024.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[3]      The Arbitration Provision contains the following broad language: "[A]ny claims arising from or relating to this Lease … are subject to arbitration."  [Doc. 16-3, p. 9].